IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ALVIN COLEMAN, | ) | |
| TDCJ No. 665951, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 7:03-CV-141-R |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.

Petitioner seeks to challenge the validity of disciplinary action no. 20030185065 which was taken against him at the Allred Unit. *Petition ¶ 17; Respondent Dretke's Answer with Brief in Support p. 1 (hereinafter "Respondent's Answer p.___").* Coleman was found guilty of fighting another inmate, James Spence, and assaulting him with a weapon. *Respondent's Answer, Exhibit B p.1 (hereinafter "Respondent's Exhibit ___ p. ___").* As a result of the disciplinary case, Petitioner lost 330 days of previously earned good time credits, his custodial classification level was reduced, he lost 45 days of commissary, recreation and property privileges and he was placed in solitary confinement for 15 days. *Id.* In support of his petition, Coleman presents the following grounds for relief:

1. there was insufficient evidence to support a finding of guilt;

2. the charging officer's testimony was in conflict with her offense report;

3. he was denied the right to a fair and impartial hearing officer;

4. counsel substitute was not allowed to question the charging officer;

5. the penalty imposed was too severe;

6. the hearing officer failed to make an independent determination of the credibility and reliability of inmate James Spence, who provided information regarding the fight, and;

7. TDCJ officials conspired to present false evidence against him.

*Petition ¶¶ 20.A-D and attachment thereto.*

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.) (finding that Texas prisoners have no protected liberty interest in early release on parole), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809 (1991).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the

state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. The second requirement under *Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required. *Id.* at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994). Additionally, prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80.

The Court initially observes that a reduction in custodial classification and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. Similarly, fifteen days of solitary confinement is not constitutionally infirm. *See Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300. However, Petitioner lost previously earned good-time credits and he is eligible for release to mandatory supervision. *Petition ¶¶ 16 & 18*. Therefore, he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

In his first ground for relief, Coleman claims that there was insufficient evidence to support a finding of guilt. Specifically, he claims that the charging officer did not personally witness the fight and that there are no photographs or video recordings documenting the fight.

Federal habeas review of the sufficiency of the evidence in a prison disciplinary action is extremely limited. Due process requires only "some evidence" to support the findings made in the

disciplinary hearing. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2774 (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action taken by prison officials), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619 (1982). In the case at bar, the hearing officer relied upon the charging officer's report in determining Coleman's guilt. *Respondent's Exhibit B pp. 1-2; Hearing Audio Tape.* Such evidence constitutes some evidence of guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (finding that a prison incident report alone constitutes "some evidence" of guilt). In addition to her report, the charging officer testified that the victim, James Spence, told her that Coleman attacked him with a pen. *Hearing Audio Tape.* She further testified that, at that time, Coleman did not deny attacking Spence. *Id.* Because there was some evidence of guilt, Coleman's challenge to the sufficiency of the evidence must fail.

Next, Petitioner claims that the charging officer's testimony was in conflict with her written report. Specifically, Coleman states that Officer Roberson testified that she did not witness Coleman fight with a weapon. He argues that this testimony contradicts the allegations set forth in her offense report. Review of the offense report reflects that Officer Roberson heard yelling and went to investigate. *Respondent's Exhibit B p. 1.* She saw inmate James Spence standing in the cell with what appeared to be blood on his face. *Id.* In the report she states that Petitioner was fighting with James Spence and stabbed him with a clear plastic pen causing injuries which required treatment beyond first aid. *Id.* Roberson did not claim to have seen the fight in her offense report. Thus the report does not contradict her testimony that she did not witness the fight. Roberson was told there had been a fight, that Coleman had attacked his cellmate and, when she went to investigate, she came upon the end result of the fight. See *Respondent's Exhibit B pp. 7-9.*

In essence, Coleman's claim is one of insufficient evidence because the charging officer did not witness the fight. The disciplinary hearing officer heard the testimony, reviewed the evidence, made his credibility determinations and rendered and finding of guilt. Based upon the record before the Court, the hearing officer's decision was not arbitrary and capricious. Therefore, the decision will not be disturbed. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Next, Coleman claims that he was denied the right to a fair and impartial hearing officer. In the context of a prison disciplinary action, the impartial tribunal requirement dictates that an official with direct, personal or other substantial involvement in the circumstances giving rise to the charge may not participate as a hearing officer. *Rhodes v. Robinson*, 612 F.2d 766, 773 (3d Cir. 1979); *Wilson v. Superior Court*, 21 Cal. 3d 816, 825, 148 Cal. Rptr. 30, 37, 582 P.2d 117, 124 (1978). Additionally, a hearing officer should not have any pre-existing bias or opinion which would preclude him from making a fair, impartial and informed decision. *See Morrissey v. Brewer*, 408 U.S. 471, 486, 92 S.Ct. 2593, 2602 (1972).

In the instant case, Coleman makes no claim that the hearing officer was involved in the circumstances underlying the charge against him and there is no indication from the record that the officer had some pre-determined opinion or bias against him. Indeed, Coleman's claim of impartiality is wholly conclusory and unsupported by the record. "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Petitioner's conclusory allegation that he was denied an fair hearing before an impartial hearing officer is insufficient to warrant habeas relief.

Coleman claims that he was denied due process because counsel substitute was not allowed to question the charging officer. Because there is no constitutional right of confrontation or cross-

examination in the context of a prison disciplinary proceeding, Petitioner cannot prevail on this ground for relief. *See Wolff*, 418 U.S. at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994).

Petitioner next claims that the penalty imposed was too severe. Review of the record reflects that Coleman's punishment was within TDCJ guidelines. *See Respondent's Exhibit E p. 2.* The Court finds that the severity of the punishment imposed was not atypical under the circumstances and that the punishment was not unduly harsh. Therefore, the severity of the penalty does not implicate any constitutional concerns. *See Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300.

In his next ground for relief, Coleman argues that he was denied due process because the hearing officer failed to make an independent determination of the credibility and reliability of inmate James Spence, who provided information regarding the fight. In support of this ground for relief, Petitioner cites *Broussard v. Johnson*, 918 F. Supp. 1040 (E.D. Tex. 1996). In *Broussard*, the Court held that an inmate's procedural due process rights were violated in a prison disciplinary proceeding because the hearing officer failed to make an independent evaluation of the credibility and reliability of a confidential informant. Rather, he accepted conclusory testimony from the investigating officer who had no direct knowledge of what the confidential informant had actually told the warden and no knowledge of who the informant was, how the informant got his information or why the warden thought the informant was reliable.

The instant case is readily distinguishable from *Broussard*. James Spence was the victim of the attack at issue in Petitioner's disciplinary case. He was not an unidentified confidential informant. Immediately after the fight, Spence told the charging officer that Coleman had stabbed him with the pen. *Hearing Audio Tape.* Thus, the charging officer, who testified at the hearing, had

direct knowledge of who Spence was, what he said and first hand knowledge of corroborating evidence (i.e. - Spence's injuries).  Petitioner is not entitled to relief on this ground.

In his final ground for relief, Petitioner claims that TDCJ officials conspired to present false evidence against him.  Unfortunately, Petitioner has not provided the Court with any information regarding who conspired and what false evidence they allegedly presented.  This ground for relief wholly conclusory and unsupported by the record.  "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Petitioner has failed to present a ground for relief which could show that the disciplinary action taken against him was constitutionally infirm.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is hereby DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 11th day of April, 2006.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE